U.S. District Court
Lockbox 18
Boggs Federal Bld.
844 King Street
Wilm. Del. 19801

1:07-CV-744 (SLR)
Elliott-v-Family Court of
the State of Delaware
12-13-07



FILED
DEC 17 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

<u>Honorable Judge Sue L. Robinson</u>:

Now Here Comes <u>Dennis A. Elliott</u>, Appellant in Elliott v Family Court, in District of Delaware. Hereby petitions the Court for opinion of following:

Appellant ask for Court order and/or opinion be issued upon Commissioner of Corrections, for the State of Delaware, 245 McKee Drive, Dover, Delaware 19901. For appellants person to be returned to H.R.Y.C.I. East 12th Street, Wilm. Delaware 19801, 2R #16 for the following violations of his 1st, 6th and 14th amendments U.S.C.A of the U.S. Constitution, by his continued confindment at Central V.O.P. Center, P.O. Box 5003, Smyrna, Delaware 19977-5003.

Appellant presents the following facts for such an order and/or mandate, opinion.

<u>1</u>. Appellant states that since his transfer from H.R.Y.C.I. to Central V.O.P. in

Pg. 1 of 7

Smyrna, Delaware has resulted him being denied access to a law library privileges that he is intitled to by his 6th U.S.C.A. guarnatees. As appellant being Pro-Se' he is intitled to the same resources as that of an attorney would, within the availablty of the D.O.C. of Delaware.

<u>A</u>. By Appellant being denied access to a law library, this enfringes upon his 1ST Amendment Rights, "Congress shall make no law......,......,.......,or <u>abridging the freedom of speech</u>,....,.....;, and to petition the Government for a redress of grievances."

<u>B</u>. As reading, writing is a form of speech as outlinned in our 1st amendement. Appellant, by D.O.C. transfering his person from H.R.Y.C.I. to the V.O.P. Center (Central) has denied him that right. (Reference of legal study/reading.)

<u>C</u> By lack of his Communication in a law library in person; D.O.C. has also denied him opportunity "for a redress of greivances". <u>1st U.S.C.A.</u> U.S. Constitution

<u>II</u> Appellant states that as Pro-Se" under his 6th Amend. Right. Serving as his own

Pg. 2 of 7

counsel demands the resource of a law library. And any other legal documentation that the D.O.C. can afford him in a law library.

A. Appellant states, that at this, Central V.O.P Center. There is no law library on premises. That he cannot research documentation (legal) for his proceeding in this court, or any future proceeding arising from his sentence.

B Appellant states that when he was at 2R#16 H.R.Y.C.I. he had no problem with research of/for documentation for his legal proceedings in the federal court.

(1) at HRYCI, mail a request form in mail at end of one day, and receive documentation the next day. / this is not available at C-V.O.P. Center.

(2) known at this facility a law library request, has to be sent out of that building processed, then returned at an undeterimined time (if any) days, weeks,? Appellant hasn't had a response as of this date 12-13-07. for legal documents.

C Appellant states that within his 6th amend. Rights, "In all criminal prosecutions... Pg 3 of 7

......, ......, ......, ......, to have compulsory process for......., and have the assistance of Counsel for his defence.")

**I.** as appellant being Pro-Se' he states to this Court, that not having a law library here at Central V.O.P. has denied him his 6th Amend. right of assistance of Counsel. For his assistance of Counsel would be the law library as Pro-Se'

**2** Therefore the compulsory process has been stopped, by his transfer to this facility. For lack of a law library on premises.

**III** Fourteenth Amendment, Section 1. " No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States: nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny........, within its jurisdiction the equal protection of the laws

**A.** Appellant states to this Court, that by the D.O.C. of Delaware, transfer of his person to C-V.O.P. Has violated his 14th amendment, by having abridged the privilege of representation afforded thru a law library. Also has been

Pg. 4 of 7

deprived a library of that use. That others (inmates) enjoyed at other facilities. As he did at H.R.Y.C.I. Denies Equal Protection of the 14th Amend. U.S. Constitution.

<u>B</u>: By this untimely transfer without notice has violated his Equal Protection as well, by being placed at a V.O.P Center, while others enjoy these rights, priviledges of the law library.

(1) This transfer has put appellant at a unacceptable disavantage, and with all due fundemental fairness, should be offorted his 1st 6th and 14th amendment rights. By him being placed back at 2R#16 H.R.Y.C.I. His orginal place of custody.

Appellant hopes that a ruling and/or opinion will reform. D.O.C.s (of Del.) policy on such transfers with more discretion for inmates, without violating due process of law or Equal Protection.

<u>IV</u> Appellant concludes since the D.O.C. (Del) transfer inmates all over that State. Everyday, thats theres no reason for his

person not to be transfered back to 2R #16, HRYCI

(1.) Prays for this Courts opinion on this Petition as being theres no justification of reason for this transfer at that time/date.

(2.) As records and documents show, his application for Writ was filed on November 28, 2007, and that his transfer on December 05, 2007. If there had been any correspondence between D.O.C. and appellant, his Constitutional Rights might not have been violated.

(3) Appellants states that D.O.C. own policy on classification has resulted in his constitution Rights being violated. For had he been informed of this classification, appellant could of challenged such a classification on grounds of enclosed arguement of ongoing Court challenge of his sentence, his need of an law library.

At this time appellant has learned that at

Pg. 6 of 7

this C-V.O.P Center there is no Catholic Mass available to inmates. Yet the Muslims have their prayer services and Ramadance observence every year. At P.O.C. extremetly out of proportion of scheduling, to accomidate their religion needs.

This is a direct violation of Appellants 1st Amend rights, and his 14th of Equal Protection. "How could he possibly challenge, or file suit in federal Court, without access to a law library??"

Appellant says to this Court, that these Constitutional Guarnatees, "that aren't being afforded to person(s) at V.O.P. Centers, need to be reveiwed by this Honorable Court."

Appellant Humbely prays for this Court opinion on each challenge on their merits. He also states, he fully beleives his Constitution Rights have been violated. and he will persuee these legal challenges in the Courts, until all avenues of repreive are exausted.

Dated: on this 13 day of December 2007

Very Respectfully Submitted
Dennis A. Elliott
120-206
V.O.P Central    Pg 7 of 7

I/M Dennis A. Elliott
SBI# 120206  UNIT 2-222
CENTRAL VIOLATION CENTER
P.O. BOX 5003
SMYRNA, DELAWARE 19977-5003

U.S.M.S.
X-RAY

Office of the Clerk
United States District Ct.
844 N. King Street, Lockbox 18
Wilmington, Del. 19801-3570

1:07-cv-744 (SLR)