IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DENNIS A. ELLIOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A.No. 07-744-SLR |
| | ) | |
| FAMILY COURT OF DELAWARE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ANSWER**

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

Facts and Procedural History

Dennis A. Elliott was placed under an order to pay child support for his son, Shawn P. Elliott by the State of New Jersey. Elliott moved from New Jersey to Delaware and the support order was registered in Delaware. Elliott's son has long since reached the age of majority. Elliott is obligated to pay $250 per month against arrears only. Division of Child Support Enforcement ("DCSE") account records show that Elliott owes a total of $5,444.67 in arrears and that he has not made a payment since August 20, 1993. Delaware Family Court has held Elliott in contempt repeatedly for his failure to make any payments. On August 13, 2007, Family Court found Elliott in contempt for failure to make any payments and ordered him to report to the Plummer Center (a level IV facility) every weekend until he purged himself of his contempt by paying $1,000. Elliott failed to appear at the Plummer Center, and the Family Court issued a capias for his arrest. On November 14, 2007, Family Court committed Elliott to the Department of Correction at level IV full-time work release, to be held at level V until space became

available. Family Court provided that Elliott could purge himself of his contempt by paying $1,000 to DCSE. Furthermore, Family Court scheduled a hearing to review Elliott's custodial status in three months. On February 14, 2008, Family Court reviewed Elliott's commitment and placed him at level IV work-release on weekends only. Elliott may still purge himself of the contempt by paying $1,000 to DCSE. Family Court also scheduled a hearing to review Elliott's commitment in July 2008.

Following the November 2007 Family Court commitment order, Elliott proceeded to file petitions for writs of habeas corpus in the Delaware Supreme Court, the Delaware Superior Court, and this Court. On December 13, 2007, Elliott filed a petition for writ of habeas corpus in the Delaware Supreme Court. On January 8, 2008, the Delaware Supreme Court dismissed the petition for lack of jurisdiction.[1] Elliott filed a petition in Delaware Superior Court on December 27, 2007.[2] The following day, Superior Court dismissed the petition for failure to state a claim on which relief could be granted because Elliott's commitment was imposed by Family Court.

On November 20, 2007, Elliott filed a petition for writ of habeas corpus in the instant case in District Court. (D.I. 1). On December 14, 2007, Elliott filed a memorandum in support of his petition. (D.I. 4). On January 17, 2008, Elliott filed an amendment to his petition for writ of habeas corpus. (D.I. 14).

Argument

Elliott presented three claims for relief in his original petition: 1) denial of counsel at a hearing in September 2007 in Family Court;[3] 2) unlawful enforcement of a New Jersey support order by Delaware; and 3) lack of opportunity to appeal from civil commitment order in Family

---

[1] *In re Elliott*, No. 645, 2007 (Del. Jan. 8, 2008).
[2] *Elliott v. State*, C.A. No. 07M-12-079.
[3] It is not apparent at what stage of the proceedings Elliot claims that he was denied counsel. At the November 2007 hearing that resulted in his incarceration the record reflects that Elliott was represented by Timothy Terranova, Esq. No contempt hearing took place in September 2007.

Court. (D.I. 1). In his supporting memorandum of December 2007, Elliott appears to have added three other claims: the sentence was internally contradictory and illegal; the November 2007 hearing deprived him of a right to a jury trial; and the purge amount violated the Eighth Amendment prohibition against excessive fines. (D.I. 4). Then, on January 17, 2008, Elliott filed an amended petition in which he alleged four additional claims: violation of double jeopardy; misapprehension of facts by the Family Court; failure to credit him for time previously served; and denial of good time credits. (D.I. 14).

A state prisoner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Elliott has not fairly presented his claims to the Delaware Supreme Court, and thus he has failed to exhaust his state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Smith v. Digmon*, 434 U.S. 332 (1978).

Ordinarily, a failure to exhaust state remedies results in dismissal so that the petitioner may exhaust state remedies. *Rose,* 455 U.S. at 510. If however, there is no available state remedy, the prisoner is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989). 10 *Del. C.* § 915(d)(1) provides that any party may appeal a final order of a Commissioner to a Judge of the Family Court by filing written objections within 10 days of the Commissioner's order. A Judge of Family Court shall then make a *de novo* determination of the challenged portions of the Commissioner's order. *Id.* A party then has a right to appeal an order from a Family Court Judge to the Delaware Supreme Court by filing a notice of appeal within 30

days of that judgment. 10 *Del. C.* § 1051(a), (c). Elliott, however, filed no objection to the Commissioner's November 2007 order finding him in contempt and committing him to the custody of the Department of Correction until such time as he paid a $1,000 purge. Without taking such written objection to the Commissioner's order, Elliott had no decision from a Judge of the Family Court that he could properly appeal to the Delaware Supreme Court.

Even though Elliott failed to appeal the Family Court Commissioner's November 2007 order, he still has other potential state remedies available. First, Elliott has another review hearing scheduled before a Family Court Commissioner in July 2008. Elliott can present the claims that he raises in this matter to the Family Court Commissioner. If the Family Court Commissioner does not resolve Elliott's claims to his satisfaction, he may file written objections to the order and have the decision reviewed *de novo* by a Family Court judge. If Elliott disagrees with the decision of the Family Court judge, he could then appeal that decision to the Delaware Supreme Court. The July 2008 review hearing is not Elliott's only available state remedy. Elliott can file a petition for writ of habeas corpus in Family Court. *See* 10 *Del. C.* §§ 6901, 6903(a), (c); *In re Cantrell*, 678 A.2d 525, 525 (Del. 1996) (Family Court has exclusive jurisdiction over the issuance of a writ of habeas corpus challenging commitments for non-payment of child support). Were Elliott to file a petition for writ of habeas corpus in Family Court, and assuming that Family Court would find his commitment to be lawful, Elliott could appeal such an order to the Delaware Supreme Court.

Thus, either by way of the July 2008 review hearing or through a petition for writ of habeas corpus in Family Court, Elliott has means by which he can present his claims to the Delaware Supreme Court. *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1993) (habeas petitioner must afford each level of the state courts a fair opportunity to address the claims). A

4

fair reading of the above-reference statutes thus indicates that Elliott can present his claims to the state courts, and in the absence of a state court decision clearly foreclosing his return to the state courts, Elliott has an available state remedy. *See Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993). Because Elliott has an available state remedy, resort to which is not clearly foreclosed, by which to present his claims challenging his incarceration for non-payment of child support, his claims are unexhausted. This Court should dismiss the petition without prejudice to provide the state courts with the opportunity to rule on Elliott's unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *Rose*, 455 U.S. at 510, 522.

No transcripts of Elliott's hearings in Family Court have been prepared. Family Court audio-records its proceedings. In the event that the Court deems production of any audio-recording necessary, Respondents anticipate that production of such transcript would require 90 days from the date an order by this Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398

Dated: March 13, 2008

**CERTIFICATION OF SERVICE**

The undersigned certifies that on March 13, 2008, he electronically filed the attached *Answer* with the Clerk of Court using CM/ECF. The undersigned further certifies that on March 13, 2008 that he mailed by United States Postal Service the document(s) to the following non-registered participant:

Dennis A. Elliott
424 Old Airport Road
New Castle, Delaware 19720

                          STATE OF DELAWARE
                          DEPARTMENT OF JUSTICE

                          /s/ Gregory E. Smith_____
                          Gregory E. Smith, ID # 3869
                          Deputy Attorney General
                          820 North French Street, 7th Floor
                          Carvel State Building
                          Wilmington, Delaware 19801
                          (302) 577-8398