IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS A. ELLIOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 07-744-SLR |
| | ) |
| FAMILY COURT OF | ) |
| DELAWARE, et al., | ) |
| | ) |
| Respondents. | ) |

_____

Dennis A. Elliott.  Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

_____

**MEMORANDUM OPINION**

Dated: August 11 , 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Currently before the court is petitioner Dennis A. Elliott's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1; D.I. 4; D.I. 14) Petitioner is incarcerated in the John L. Webb Correctional Center in Wilmington, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application without prejudice for failure to exhaust state remedies.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The State of New Jersey ordered petitioner to pay child support for his son, Shawn P. Elliott. After petitioner moved from New Jersey to Delaware, the support order was registered in Delaware. However, because petitioner's son has long since reached the age of majority, the order obligates petitioner to pay $250 per month against arrears only. (D.I. 20) The Division of Child Support Enforcement ("DCSE") account records show that petitioner owes a total of $5,444.67 in arrears and that he has not made a payment since August 20, 1993. See (D.I. 22, Account Statement)

On August 13, 2007, the Delaware Family Court found petitioner in contempt for failure to make any payments and ordered him to report to the Plummer Center, a Level IV facility, every weekend until he purged himself of the contempt by paying $1,000. (D.I. 22) The Family Court issued a capias for petitioner's arrest when he failed to appear at the Plummer Center. On November 14, 2007, the Family Court committed petitioner to the Department of Correction at Level IV full-time work release, to be held at Level V until space became available. The Family Court provided that petitioner

could purge himself of his contempt by paying $1,000 to the DCSE. The Family Court also scheduled a hearing to review petitioner's custodial status in three months. On February 14, 2008, the Family Court reviewed petitioner's commitment and placed him at Level IV work-release on weekends only. Petitioner may still purge himself of the contempt by paying $1,000 to the DCSE. The Family Court also scheduled a hearing to review petitioner's commitment in July 2008. Id.

On December 27, 2007, petitioner filed in the Delaware Superior Court a petition for the writ of habeas corpus, which the Superior Court dismissed the next day for failure to state a claim on which relief could be granted because the Family Court had imposed the commitment. (D.I. 22) Petitioner then filed a petition for writ of habeas corpus in the Delaware Supreme Court on December 31, 2007, which the Delaware Supreme Court dismissed on January 8, 2008 for lack of original jurisdiction. In re Elliott, 941 A.2d 1018 (Table), 2008 WL 187927 (Del. Jan. 8, 2008).

Petitioner filed the instant proceeding on November 20, 2007, and then he filed an amendment to the application on January 17, 2008. (D.I. 1; D.I. 14) The State filed an answer, arguing that the court must dismiss the application for being unexhausted. (D.I. 20)

## III. GOVERNING LEGAL PRINCIPLES

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S.

838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. O'Sullivan, 526 U.S. at 844-45; See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). A federal court can excuse a petitioner's failure to exhaust state remedies only if state law "clearly foreclose[s] state court review of [the] unexhausted claims." Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996). Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

## IV. DISCUSSION

The original application and supporting memorandum assert six claims: (1) petitioner was denied representation by counsel at an unidentified Family Court hearing that occurred in September 2007; (2) Delaware cannot legally enforce the New Jersey support order; (3) petitioner was denied an opportunity to appeal the civil commitment order in the Family Court; (4) the sentence is internally contradictory and illegal; (5) petitioner was denied his right to a jury trial during the November 2007 hearing; and (6) the purge amount violates the Eighth Amendment's prohibition against excessive fines. (D.I. 1; D.I. 4.) Petitioner's amended application asserts four additional claims (numbered sequentially by the court): (7) his right to be protected against double jeopardy has been violated; (8) the Family Court misapprehended the facts; (9) he has not been credited for time previously served; and (10) he has been denied good time credits. (D.I. 14)

The record reveals that petitioner failed to appeal the Family Court's November 2007 order finding him in contempt and committing him to the Department of Correction until he pays the $1,000 purge amount.[1] Any attempt to appeal that order at this juncture would be denied as untimely. See Del. Sup. Ct. R. 6(a)(ii)(imposing a thirty (30) day time period in which to appeal).

The record also reveals that a hearing was scheduled in the Family Court for an unspecified date in July 2008 in order to review petitioner's commitment. Neither party has updated the court as to the result of that hearing.

Nevertheless, the court concludes that it must dismiss the instant application for failure to exhaust state remedies because petitioner is not conclusively barred from pursuing further state court review of his habeas claims. For instance, if the Family Court did not resolve petitioner's claims to his satisfaction during the July 2008 hearing, petitioner can file written objections to the order within 10 days and have the decision reviewed de novo by a Family Court judge. See 10 Del. Code Ann. § 915(d)(1). In turn, if petitioner disagrees with the decision of the Family Court judge, he can appeal the decision the Delaware Supreme Court. See 10 Del. Code Ann. § 1051(a),(c).

---

[1]Any party may appeal a final order of a Commissioner to a Judge of the Family Court by filing written objections within 10 days of the Commissioner's order. 10 Del. Code Ann. § 915(d)(1). A Family Court judge will then make a de novo determination of the challenged portions of the Commissioner's order. Id. The party can then appeal an order from the Family Court judge to the Delaware Supreme Court by filing an appeal within 30 days of that judgment. 10 Del. Code Ann. § 1051(a),(c). Here, petitioner did not file objections to the Commissioner's November 2007 order finding him in contempt and, therefore, he could not properly appeal the November 2007 decision to the Delaware Supreme Court.

The court acknowledges that the 10 day period for filing written objections regarding the July 2008 proceeding may have already passed, thereby foreclosing the avenue of review just described. However, petitioner still has one other potential avenue for state court review: he can file a petition for the writ of habeas corpus in the Family Court, and appeal any adverse decision to the Delaware Supreme Court. See 10 Del. Code Ann. § 6903(a); 10 Del. Code Ann. § 1051(a), (c).

Given these options, the court cannot conclusively state that further state court review of petitioner's claims is clearly foreclosed under state law. Accordingly, the court will dismiss the application without prejudice for failure to exhaust state remedies.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The court has concluded that the petition must be dismissed without prejudice for failure to exhaust state remedies. The court is persuaded that reasonable jurists

would not find this conclusion to be debatable. Therefore, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.